IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALABAMA ALWAYS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CASE NO. 2:25-cv-00367-RAH-JTA |
| REX VAUGHN, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Defendants' *Motion to Dismiss or Abstain* (doc. 12), filed on July 18, 2025. The issues have been fully briefed and are ripe for review. The Motion is due to be granted in part and denied in part.

## BACKGROUND

In 2023, Plaintiff Alabama Always, LLC (AALLC) applied for an integrated facility license under Alabama's recently-enacted medical cannabis licensure program. According to AALLC, the Alabama Medical Cannabis Commission has failed to follow Alabama law in awarding the licenses. To force the Commission to follow Alabama law, AALLC has filed numerous lawsuits in the Circuit Court of Montgomery County, Alabama, and generally has challenged the Commission's actions.   So far, its efforts largely have been successful.

AALLC currently is litigating a state court case against the Commission and its members that claims, among other things, that the Commission has violated the First and Fourteenth Amendments in connection with its consideration of AALLC's license application. That case also raises claims requesting a declaratory judgment— along with other injunctive relief—that the Commission has exceeded its statutory

authority by violating the Alabama Administrative Procedures Act. As it concerns the federal claims, that action seeks injunctive relief only. (*See* Doc. 12-1 at 3.)

Further, there is an ongoing administrative proceeding[1] in which an administrative law judge will review and consider the applications, including that of AALLC, for an integrated facility license and will make recommendations concerning those applications to the Commission. Thus, as a result of that proceeding, AALLC's license application could be granted.

AALLC filed the instant federal action on May 13, 2025, and raised First and Fourteenth Amendment claims, four weeks after it filed an amended complaint in the state court case that added the same two federal claims. Although the claims were the same, AALLC did not seek monetary damages in the state court case or injunctive relief in the federal case.

## **DISCUSSION**

The Defendants make a number of arguments for dismissal of this case, but they also assert in the alternative that the Court should abstain pursuant to the *Colorado River* abstention doctrine and should stay this case pending resolution of the state court case and related administrative proceedings. The Court agrees that abstention is appropriate here.

As AALLC correctly notes, this Court has a "virtually unflagging obligation . . . to exercise the jurisdiction given [to it]." *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817–18 (1976). The general rule is that "pendency of an action in the state court is no bar to proceedings concerning the same matter in federal court." *Id.* at 817 (citation omitted).

---

[1] Although little mention of the administrative proceeding was made by the parties in the briefs, the parties discussed the administrative proceeding at length during oral argument on the Defendants' motion.

2

But courts are to weigh this general rule against "the conservation of judicial resources and comprehensive disposition of litigation." *Id.* (citation omitted). "Abstention is appropriate 'in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law.'" *Id.* at 814 (citing *Cnty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 189 (1959)). Abstention is also looked upon more favorably when significant state public policy issues are present. *See id.* (citing *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1933)).

There is a two-part test for determining whether abstention is appropriate: (1) whether the two related cases are actually parallel; and (2) if the cases are parallel, whether the circumstances are sufficiently exceptional to warrant abstention under *Colorado River*. *See Ambrosia Coal and Constr. Co. v. Page Morales*, 368 F.3d 1320, 1328–30 (11th Cir. 2004); *see also Colorado River Conservation District*, 424 U.S. at 817–27; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14–16 (1983).

First, for a related state court case to be parallel, it need not be identical; it need only "involve substantially the same parties and substantially the same issues." *Ambrosia Coal and Constr. Co.*, 368 F.3d at 1330. And here, the cases are parallel. Seven of the eight parties named in this case are also named in the state court case. While the state court case contains additional defendants and this federal case has one different defendant, the nominal variation in named parties to each case does not preclude abstention. *See Interstate Material Corp. v. City of Chicago,* 847 F.2d. 1285, 1288 (7th Cir. 1988), *cited with approval in Ambrosia Coal and Constr. Co*, 368 F.3d at 1330. Otherwise, "parties could avoid the doctrine of *Colorado River* by the simple expedient of naming additional parties." *Interstate Material Corp.*, 847 F.2d at 1288.

Further, the two cases involve the same issues and claims. Both actions arise from the same underlying events—the Commission's refusal to award AALLC a facility license allegedly in retaliation for AALLC exercising its First Amendment rights. And both cases advance the exact same two legal theories – First Amendment Retaliation and a Violation of the Fourteenth Amendment, with the only distinction being the relief sought. Indeed, AALLC has acknowledged that the claims are "pretty similar." Therefore, for the purposes of the abstention analysis, these cases are parallel to each other.

The Court next considers whether exceptional circumstances exist, so as to justify *Colorado River* abstention. Six non-exhaustive factors are generally considered:

> (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights.

*Ambrosia Coal and Constr. Co*, 368 F.3d at 1331 (quoting *Am. Bankers Ins. Co. of Fla. v. First State Ins. Co.*, 891 F.2d 882, 884 (11th Cir. 1990)). The analysis "does not rest on a mechanical checklist, but on a careful balancing of the [most] important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16. Further, "[n]o one factor is necessarily determinative . . . [as] [t]he weight to be given any one factor may vary greatly from case to case." *Id.* at 15–16.

Here, the factors generally weigh in favor of abstention, with the third and fourth *Colorado River* factors heavily weighing in favor of abstention.

4

First, neither this Court, nor the state court, is exercising jurisdiction over any real property, which precludes the first factor from favoring abstention. *See Maharaj v. Sec'y Dep't of Corr.*, 432 F.3d 1292, 1306. *Colorado River's* first factor only applies when there is an in rem proceeding. *Ambrosia Coal and Constr. Co*, 368 F.3d at 1332. That said, this factor holds little weight in the Court's determination that abstention is appropriate here.

Second, there is no inconvenience of the state or federal forums since the state court proceedings are occurring just a few blocks away from the federal courthouse. *See Jackson-Platts v. Gen. Elec. Cap. Corp*, 727 F.3d 1127, 1141 (11th Cir. 2013) ("federal forum was just as convenient as the state forum" where "[t]he federal forum neighbors . . . where the state forum is located"). While this factor cuts against abstention, this Court finds that it does not outweigh the strong considerations of the remaining *Colorado River* factors.

Third, and importantly, there is a substantial concern for unnecessary inconvenience, expense, duplication, and inconsistency through piecemeal litigation if both cases proceed simultaneously. Both cases advance the same federal claims, but the state court case additionally involves the license applications themselves. And further, there is an ongoing administrative proceeding involving the very same integrated facility license that AALLC claims has been wrongfully denied. If awarded a license as a result of that administrative proceeding, such an outcome likely will strengthen AALC's constitutional violation claims in both cases concerning its right to a license *but for* the retaliatory conduct of the Commission. If denied a license, such an outcome will likely undermine, if not altogether negate, any causation or claim that AALLC was entitled to a license *but for* exercising its First Amendment rights. Indeed, the state court and administrative proceedings could largely moot this case or severely restrict the available damages, which is the exact inconsistency that *Colorado River* attempts to avoid. *See Baker v.*

5

*Warner/Chappell Music, Inc.*, 759 F. App'x 760, 763–64 (11th Cir. 2018) (holding that the district court did not abuse its discretion in abstaining where identical issues created a potential for piecemeal litigation, the state case was filed far before the federal case and had progressed further, and the federal case was the result of vexation).

Fourth, the state court case was filed much earlier (April 3, 2024)[2] than this federal case (May 13, 2025), and the state court litigation has been the subject of several state appellate decisions, including a pending writ of certiorari with the Supreme Court of Alabama that could decide whether AALLC is deserving of a license. (*See* Doc. 12-2 at 2.)

Fifth, abstention is favored when the case involves state law that is "particularly complex or best left for state courts to resolve." *Jackson-Platts*, 727 F.3d at 1143 (citing *Am. Bankers Ins. Co. of Fla.*, 891 F.2d at 886 ("[Though] [t]here is no federal issue in this case[,] . . . this does not counsel in favor of dismissal . . . [because] [t]his action does not . . . involve complex questions of state law that would be best resolved by a state court.")); *see also Noonan S., Inc. v. Cnty. Of Volusia*, 841 F.2d 380, 383 (11th Cir. 1988) (giving little weight to this factor where state law was not complex). Though federal law will be applied in both of AALLC's cases due to AALLC's assertions of federal claims under the First and Fourteenth Amendments in both, AALLC's claims in both cases also principally involve unresolved aspects of state cannabis regulations, administrative law, and agency action that could potentially have a determinative effect on this litigation. Given the potential for postural complexity of this case, this Court finds that these matters are best left for the state courts and administrative law judge to decide, or alternatively, should be decided by this Court following the resolution of the other ongoing

---

[2] AALLC added its First and Fourteenth Amendment claims in the state court case on April 3, 2025.

6

proceedings. After all, the vast majority of the litigation to date concerning the cannabis licenses has occurred in state court.

Sixth and finally, both courts can sufficiently protect the parties' rights. While this Court would be an adequate forum for the federal claims, the state court is better positioned for vindication of *all* of AALLC's rights since the state court has primary jurisdiction over AALLC's entitlement to a facility license. Moreover, the state court can hear AALLC's federal claims which are inextricably tied to the license application process. *See Noonan S. Inc.*, 841 F.2d at 383 (finding this factor to be neutral when both forums were adequate to protect the parties' rights); s*ee Ambrosia Coal and Constr. Co.*, 368 F.3d at 1334 ("This factor will only weigh in favor or against abstention when one of the fora is inadequate to protect a party's rights."). Regardless of whether this factor should be deemed as neutral or as cutting against abstention, this Court finds that is does not sufficiently outweigh the other *Colorado River* factors that favor a stay of this case.

Upon careful review, and under the totality of the circumstances, this Court finds that the *Colorado River* factors weigh in favor of abstention, and as such, warrant a stay of these proceedings pending the resolution of the parallel state case and related administrative proceeding. *See Moorer v. Demopolis Waterworks and Sewer Bd.*, 374 F.3d 990, 998 (11th Cir. 2004) (holding that a stay, rather than a dismissal, is the proper procedural mechanism when there is a pending parallel state-court proceeding).

Accordingly, and for good cause, it is **ORDERED** as follows:

(1)     Defendants' *Motion to Dismiss or Abstain* (doc. 12) is **GRANTED** to the extent that it requests this Court to stay this proceeding; it is **DENIED** without prejudice in all other aspects;

7

(2)     The Parties **SHALL** provide a status update regarding the related state court case and administrative proceeding every 120 days, beginning December 1, 2025; and

(3)     The Defendants may refile their *Motion to Dismiss* once the state court proceedings have concluded or this Court orders otherwise.

**DONE** and **ORDERED** on this the 2nd day of October 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE